| STATE OF LOUISIANA | * | NO. 2019-KA-0144 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ALFRED RAVY | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 533-218, SECTION "D"
Honorable Paul A Bonin, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

**(ON REMAND FROM THE LOUISIANA SUPREME COURT)**

**BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT**

Leon Cannizzaro
District Attorney
Scott G. Vincent
Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLEE, STATE OF LOUISIANA

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769-8769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT, ALFRED RAVY

     **JUDGMENT VACATED AND REMANDED**
     **June 18, 2020**

*TFL*

*PAB*

This Court affirmed Defendant's convictions for sexual battery and indecent behavior with a juvenile under the age of thirteen by a non-unanimous eleven-to-one jury verdict. *See State v. Ravy*, 2019-0144 (La. App. 4 Cir. 9/11/19), 282 So.3d 289. On remand, the Louisiana Supreme Court has ordered this Court to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed. ___ (2020), which held that jury verdicts in state felony cases must be unanimous. In accordance with *Ramos*, we vacate Defendant's convictions and remand for a new trial.

## DISCUSSION

The facts of this case were set out in detail in this Court's appellate opinion.[1] The jury convicted Defendant by an eleven-to-one vote on both charges of sexual battery and indecent behavior with a juvenile. Specifically, the trial court recited:

> [L]et the record reflect that I have the polling slips, have shared them with counsel of all parties. I find that the verdict is 11 to 1 and it constitutes a good and valid verdict as to Count 1 on the charge of sexual battery with a child under 13. … [W]ith respect to the second verdict of indecent behavior with a child under 13 years old, I've reviewed the polling slips from the jurors, I've given counsel for all

---

[1] *See Ravy,* 2019-0144, pp. 2-8, 282 So.3d at 294-296.

1

parties an opportunity to review them, and find that the vote of the jury was 11 to 1 and this is a good and sufficient verdict.

On appeal, this Court affirmed Defendant's convictions, rejecting, *inter alia,* Defendant's assigned error concerning the non-unanimous verdicts.[2]

While Defendant's writ application was pending before the Louisiana Supreme Court, the United States Supreme Court decided *Ramos*, *supra*, and overruled longstanding precedent authorizing non-unanimous jury verdicts in state felony prosecutions. Following *Ramos,* the Louisiana Supreme Court remanded Defendant's case to this Court.[3]

---

[2] This Court's opinion provided, in relevant part, the following:

> Mr. Ravy also challenges the constitutionality of the non-unanimous jury verdicts. Mr. Ravy contends that the non-unanimous verdicts violate the Equal Protection Clause because the provision's enactment was motivated by an express and overt desire to discriminate against people on account of race.
>
> The Louisiana Supreme Court addressed the issue in *State v. Bertrand*, [20]08-2215 (La. 3/17/09), 6 So. 3d 738. The Court noted "defendants argue that the use of non-unanimous verdicts [has] an insidious racial component, allow[s] minority viewpoints to be ignored, and is likely to chill participation by the precise groups whose exclusion the Constitution has proscribed." *Id.*, 08-2215,p. 6 So. 3d at 742. The *Bertrand* Court found that a non-unanimous twelve-person jury verdict was constitutional and that La. C.Cr.P. art. 782 did not violate the Fifth, Sixth, and Fourteenth Amendments. *Id.*, [20]08-2215,p. 8, 6 So. 3d at 743. Therefore, Mr. Ravy's assertion lacks merit.

*Ravy,* 2019-0144, p. 17, 282 So.3d at 301-302 (footnotes omitted).

[3] On June 3, 2020, the Louisiana Supreme Court issued the following *per curiam* opinion:

> Writ granted. The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La.C.Cr.P. art. 920(2).
>
> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Nothing herein should be construed as a determination as to whether that ruling will apply

In *See State v. Myles,* 2019-0965 (La. App. 4 Cir. 4/29/20), ___ So.3d ___, 2020 WL 2069885, *1, this Court, noting that the defendant's case was pending on direct review, determined that *Ramos* applied to vacate the defendant's conviction for second-degree murder by a non-unanimous jury verdict.[4]   Similarly, we reach the same result in the present matter.   *Ramos* requires this Court to vacate Defendant's non-unanimous jury convictions for sexual battery and indecent behavior with a juvenile.

## CONCLUSION

Considering the foregoing reasons, upon remand, we hereby vacate Defendant's convictions and remand to the district court for further proceedings consistent with this opinion.

**JUDGMENT VACATED AND REMANDED**

---

retroactively on state collateral review to those convictions and sentences that were final when *Ramos* was decided.

*State v. Ravy,* 2019-01846, p. 1 (La. 6/3/20), ___ So.3d ___.

[4] *See also State v. Donovan*, 2019-0722 (La. App. 4 Cir. 5/27/20), ___ So.3d ___, 2020 WL 2752201 and *State v. Hunter*, 2019-0901 (La. App. 4 Cir. 5/27/20), ___ So.3d ___, 2020 WL 2751914, where, post-*Ramos*, this Court vacated the respective defendants' non-unanimous felony jury convictions.

3